# EXHIBIT 2

*103789 6438*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

OCT - 5 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

LATASHA JACKSON, an Individual, )
                         Plaintiff, )
                                     )
vs.                                 )  Case No.
                                   )
PROGRESSIVE DIRECT INSURANCE )
COMPANY, a Foreign Corporation, )
                     Defendant. )

**CJ-2017-03951**

LINDA G. MORRISSEY

## PETITION

COMES NOW Plaintiff, LaTasha Jackson, an Individual, by and through her attorneys of record, Hugh M. Robert, of the law firm of SHERWOOD, McCORMICK & ROBERT, and Jacob W. Biby, of the law firm of MARTIN JEAN & JACKSON, and, for her cause of action against the Defendant, Progressive Direct Insurance Company, a foreign corporation, states, alleges, and claims as follows:

1. That on or about December 3, 2016 in Tulsa, Tulsa County, Oklahoma, Jerry Hughes, negligently operated a motor vehicle in such a manner that he caused a collision with Plaintiff's vehicle that was being driven by her husband Casey Landrum.

2. That at the time of the collision Jerry Hughes was driving an uninsured motor vehicle.

3. That as a result of Jerry Hughes' negligence Plaintiff, LaTasha Jackson sustained property damage in the amount of $15,200.

4. On December 3, 2016, LaTasha Jackson was insured through Progressive Direct Insurance Company (hereafter "Progressive") under a full coverage comprehensive and collision and loan/lease pay off automobile insurance policy issued to her, policy number 910077008, (hereafter "POLICY").

5. The POLICY was written for the 2017 Chevrolet Sonic involved in the collision and as no third-party coverage was available to Plaintiff, the POLICY was the primary coverage.

6. That Progressive had contractual obligations to Plaintiff as its insured, pursuant to the insurance contract, statute and regulatory guidelines.

7. Plaintiff notified Progressive of this collision and received return correspondence from Progressive that it had assigned claim number 16-4164107 to Plaintiff's claim.

8. On or about January 4, 2017, Plaintiff made demand under the full coverage comprehensive and collision and loan/lease pay off portion of her POLICY for fair market value of her vehicle.

9. Progressive significantly undervalued her vehicle.

10. Specifically, Progressive evaluated the claim using sales from outside of the state of Oklahoma.

11. Said evaluations were in violation of Oklahoma law 23 O.S. § 92, and the Unfair Settlement Practices Act.

12. In the time frame of eight (8) months, Plaintiff was forced to hire her own appraisers and attorneys to get Progressive to offer her the true fair market value of her vehicle.

13. Progressive systematically hires out of state companies to provide low appraisals for the insured's claims.

14. That based upon the conduct of Progressive, with respect to the handling of Plaintiff's uninsured motorist claim, Defendant breached their contractual, statutory and regulatory obligations to Plaintiff.

15. As a direct and proximate result of Defendant's wrongful conduct as alleged above, Plaintiff suffered financial losses and expenses as well as significant physical and mental pain and suffering, including emotional stress, anxiety, frustration and anger, with said damages totaling in excess of $75,000.00.

16. In connection with the insurance coverage that was in force at all times relevant to this Petition, Defendant owed Plaintiff a duty of good faith and fair dealing with respect to the handling of her insurance claim.

17. That based upon the conduct of Progressive, with respect to the handling of Plaintiff's uninsured motorist claim, Defendants have breached their duty to deal with their insured fairly and in good faith.

18. As a result of this breach of contract, Plaintiff has suffered both direct and consequential damages.

19. Defendant's conduct was so willful, deliberate and calculated as to justify the imposition of punitive damages, not only to punish and deter Defendant for its wrongful conduct as alleged herein but also to deter other insurance companies and Defendant from behaving in a similar fashion in the future. Said punitive or exemplary damages amount to a total in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, as and for general and special damages; for exemplary or punitive damages as allowed by law; together with pre-judgment and post-judgment interest, attorney fees, costs, and any other relief this Court deems just and equitable.

Respectfully submitted,

Hugh M. Robert, OBA #22441
SHERWOOD, McCORMICK & ROBERT
Bank of America Center
15 W. 6th St., Ste. 2112
Tulsa, OK 74119
(918) 592-1144
(918) 592-1149 (Fax)
hugh@sm-oklaw.com

AND

Jacob W. Biby, OBA #22063
MARTIN JEAN & JACKSON
1325 E. 15th St., Ste. 203
Tulsa, OK 74120
(918) 743-4000
(918) 743-4001(Fax)
jbiby@mjjlawfirm.com

*Attorneys for Plaintiff*, LaTasha Jackson